**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UMBANET, INC. ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 2:16-cv-682 |
| ) | |
| EPSILON DATA MANAGEMENT, LLC ) | |
| ) | |
|    *Defendant.* ) | **JURY TRIAL DEMANDED** |
| ) | |

## ANSWER TO COMPLAINT

Defendant Epsilon Data Management, LLC ("Epsilon") answers the Complaint of Plaintiff Umbanet, Inc. ("Umbanet") as follows. Any allegations or averments not specifically admitted herein are denied.

## NATURE OF THE ACTION

1. Epsilon admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States. Epsilon denies that the Complaint states a valid cause of action for infringement against Epsilon.

## PARTIES

2. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3. Epsilon admits that it has an office located at 6021 Connection Drive, Irving, Texas. Epsilon denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Epsilon admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) provided the requirements for standing are satisfied.

5. Epsilon does not contest that, for the purposes of this case only, this Court has personal jurisdiction over Epsilon. Epsilon denies the remaining allegations of paragraph 5.

6. Denied.

**PATENTS-IN-SUIT**

7. Epsilon admits that U.S. Patent No. 7,076,730 (the "'730 patent") is entitled "Electronic Mail Software with Modular Integrated Authoring/Reading Software Components" and appears to have issued on July 11, 2006. Epsilon lacks sufficient information to admit or deny the remaining allegations of paragraph 7 and therefore denies them.

8. This Court has held the '374 patent to be ineligible for patent protection under 35 U.S.C. § 101. *See* Memorandum Opinion and Order, Dkt. 71 at 10. Therefore, no response is required to the allegations in paragraph 8. To the extent a response is required, however, Epsilon admits that U.S. Patent No. 7,444,374 (the "'374 patent") is entitled "Electronic Mail Software with Modular Integrated Authoring/Reading Software Components Including Methods and Apparatus for Controlling the Interactivity Between Mail Authors and Recipients" and appears to have issued on October 28, 2008. Epsilon admits that the '374 Patent appears to be a continuation-in-part of the patent application that matured into the '730 patent. Epsilon lacks sufficient information to admit or deny the remaining allegations of paragraph 8 and therefore denies them.

9. Epsilon admits that the quoted language in paragraph 9 is contained in Plaintiff's Exhibit A. Epsilon denies the remaining allegations of paragraph 9.

10. The Court has held the '374 patent to be invalid; therefore, no response is required to the allegations of paragraph 10. To the extent a response is required, however, Epsilon admits that the quoted language in paragraph 10 is contained in Exhibit B and denies the remaining allegations of paragraph 10.

## BACKGROUND ON PRIOR ART AND PATENTS

11. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15. Epsilon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Denied.

17. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 17. To the extent a response is required, however, the allegations in paragraph 17 are denied.

18. Denied.

## BACKGROUND ON EPSILON'S AGILITY HARMONY

19. Epsilon admits that it has a platform named Agility Harmony that its customers may use in connection with marketing campaigns, including, among other things, email marketing campaigns. Epsilon denies that Agility Harmony satisfies the limitations of the asserted claims of the '730 patent and denies the remaining allegations of paragraph 19.

20. Denied.

21. Epsilon admits that the website cited in paragraph 21 contains the phrases quoted in paragraph 21. Epsilon denies that Agility Harmony satisfies the limitations of the asserted claims of the '730 patent.

22. Epsilon admits that the website cited in paragraph 22 contains the phrases quoted in paragraph 22. Epsilon denies that Agility Harmony satisfies the limitations of the asserted claims of the '730 patent.

23. Denied.

24. Epsilon admits that Agility Harmony has an Inbox Preview and Campaign Creation features. Epsilon denies that Agility Harmony satisfies the limitations of the asserted claims of the '730 patent and denies the remaining allegations of paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### **COUNT I – INFRINGEMENT OF THE '730 PATENT**

29. Epsilon incorporates its answers to the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Denied.

31. Epsilon admits that Claim 1 of the '730 patent is as quoted in paragraph 31.

32. Epsilon admits that Claim 19 of the '730 patent is as quoted in paragraph 32.

33. Denied.

34. Epsilon admits that it was aware of the existence of the '730 patent as of the date it was notified of the filing of this action. Epsilon denies the remaining allegations of paragraph 34.

35. Denied.

## COUNT II – INFRINGEMENT OF THE '374 PATENT

36. Epsilon incorporates its answers to the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. Denied.

38. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 38. To the extent a response is required, however, Epsilon admits that Claim 11 of the '374 patent is as quoted in paragraph 38.

39. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 39. To the extent a response is required, however, Epsilon admits that Claim 16 of the '374 patent is as quoted in paragraph 39.

40. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 40. To the extent a response is required, however, the allegations in paragraph 40 are denied.

41. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 41. To the extent a response is required, however, Epsilon admits that it was aware of the existence of the '374 patent as of the date it was notified of the filing of this action. Epsilon denies the remaining allegations of paragraph 41.

42. This Court has held the '374 patent to be invalid; therefore, no response is necessary to paragraph 42. To the extent a response is required, however, the allegations in paragraph 42 are denied.

## JURY DEMAND

43. This paragraph sets forth a demand for a jury to which no response is required.

**PRAYER FOR RELIEF**

44. These paragraphs set forth the statement of relief requested by Umbanet to which no response is required. Epsilon denies that Umbanet is entitled to any of the requested relief and denies all allegations.

**DEFENSES**

Subject to the responses above, Epsilon alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Epsilon specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**

(Non-Infringement)

1. Epsilon does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, jointly or otherwise) any valid, enforceable claim of the '730 patent either literally or under the doctrine of equivalents.

**SECOND DEFENSE**

(Invalidity)

2. The claims of the '730 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., including sections 101, 102, 103, and 112.

**THIRD DEFENSE**

(Waiver, Limitations, Unclean Hands, Estoppel)

3. The claims of the '730 patent are unenforceable, in whole or in part, by the doctrines of waiver, limitations, unclean hands, and/or estoppel.

## FOURTH DEFENSE

(Limitation on Damages)

4. Umbanet's requested relief is barred or otherwise limited as provided for in 35 U.S.C. §§ 286, 287. Umbanet did not provide appropriate notice to Epsilon and has not complied with the marking requirements imposed by Section 287. Accordingly, Umbanet is not entitled to recover any pre-suit damages.

## FIFTH DEFENSE

(Limitation on Costs)

5. Umbanet's requested relief is barred or otherwise limited as provided for in 35 U.S.C. § 288.

## SIXTH DEFENSE

(Failure to State a Claim)

6. Umbanet fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

(Prosecution History Estoppel)

7. Umbanet is estopped from asserting the claims of the '730 patent by application of the doctrine of equivalents because admissions or statements made to the United States Patent and Trademark Office during the prosecution of the application leading to the issuance of the '730 patent or application (including any foreign patent applications) related thereto.

## EIGHTH DEFENSE

(License and Exhaustion)

8. To the extent that Umbanet has licensed or otherwise exhausted its rights and remedies as to products or services that are accused, Epsilon is not liable to Umbanet for any alleged acts of infringement related to such products or services.

## NINTH DEFENSE

(Extraterritoriality)

9.     Umbanet's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside of the United States.

## TENTH DEFENSE

(Limitation for Sales Covered by 28 U.S.C. § 1498(a))

10.    To the extent that Umbanet may accuse products or services that are provided by or for the government of the United States of America, in accordance with 28 U.S.C. § 1498(a), there is no jurisdiction over those claims outside of the United States Court of Federal Claims.

## RESERVATION OF RIGHTS

Epsilon has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available.  Epsilon reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through clarification of Umbanet's claims, through discovery, or through further legal analysis of Umbanet's claims and positions in this litigation.

## COUNTERCLAIMS

1.     Epsilon Data Management, LLC, for its Counterclaims against Plaintiff and upon information and belief, states as follows:

## PARTIES

2.     Defendant Epsilon Data Management, LLC ("Epsilon") is a limited liability company organized and existing under the laws of the state of Delaware, with offices located at 6021 Connection Drive, Irving, Texas 75063.

3. According to the Complaint, Plaintiff Umbanet, Inc. ("Umbanet") is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. Subject to Epsilon's defenses and denials, Epsilon alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

5. The Court has personal jurisdiction over Plaintiff.

## FACTUAL BACKGROUND

6. In its Complaint, Plaintiff asserts that Epsilon has infringed U.S. Patent Nos. 7,076,730 (the "'730 patent") (the "Asserted Patent") and 7,444,374 (the "'374 patent"). This Court held the '374 to be ineligible for patent protection under 35 U.S.C. § 101. *See* Memorandum Opinion and Order, Dkt. 71 at 10.

7. The Asserted Patent is invalid and/or has not been, and is not being infringed by Epsilon, directly or indirectly.

8. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the Asserted Patent.

## COUNT ONE

(Declaratory Judgment of Non-infringement of the '730 Patent)

9. Epsilon restates and incorporates by reference its allegations in paragraphs 1 through 8 of the Counterclaims.

10. An actual case or controversy exists between Epsilon and Plaintiff as to whether the '730 patent is not infringed by Epsilon.

11. A judicial declaration is necessary and appropriate so that Epsilon may ascertain its rights regarding the '730 patent.

12. Epsilon has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '730 patent, either literally or under the doctrine of equivalents.

## COUNT TWO

(Declaratory Judgment of Invalidity of the '730 Patent)

13. Epsilon restates and incorporates by reference its allegations in paragraphs 1 through 8 of the Counterclaims.

14. An actual case or controversy exists between Epsilon and Plaintiff as to whether the '730 patent is invalid.

15. A judicial declaration is necessary and appropriate so that Epsilon may ascertain its rights as to whether the '730 patent is invalid.

16. The '730 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

## COUNT THREE

(Finding of an Exceptional Case under 35 U.S.C. § 285)

17. Epsilon seeks a finding that this is an exceptional case under 35 U.S.C. § 285 at least because Plaintiff's actions and omissions show a lack of substantive strength of litigating position and unreasonable conduct. In particular, Umbanet has previously been notified that its patents are invalid and, for various reasons, do not read on products such as the one at issue in this case. In the circumstances of this case, Umbanet's assertion of the patents in this litigation justifies a finding under § 285 and an award of Epsilon's reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees incurred in defending this matter.

**PRAYER FOR RELIEF**

Epsilon respectfully prays for the following relief:

a. A judgment dismissing Umbanet's Complaint against Epsilon with prejudice;

b. A judgment in favor of Epsilon;

c. A judgment that Epsilon has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, jointly, literally or under the doctrine of equivalents, any valid claim of the '730 patent;

d. A judgment that the claims of the '730 patent are invalid and unenforceable;

e. A judgment that this is an exceptional case under 35 U.S.C. § 285 and an award to Epsilon of its reasonable costs and expenses of litigation, including attorney's fees and expert witness fees;

f. A judgment limiting or barring Umbanet's ability to enforce the '730 patent in equity; and

g. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Epsilon respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 10, 2017                        Respectfully submitted,

                                           By: /s/ *Charles Everingham IV*
                                               Charles Everingham IV
                                               Texas State Bar No. 00787447
                                               Akin Gump Strauss Hauer & Feld
                                               911 West Loop 281
                                               Suite 412
                                               Longview, TX 75604
                                               Telephone: 903.297.7404
                                               Fax: 903.297.7402
                                               Email: ceveringham@akingump.com

John Wittenzellner
Pennsylvania Bar No. 308996 (admitted in E.D. Tex.)
jwittenzellner@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Telephone: 215.965.1241
Facsimile: 215.965.1210

Jay K. Tatachar
Texas Bar No. 24079438
jtatachar@akingump.com
Justin J. Chi
Texas Bar No. 24097495
jjchi@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Ave., Suite 4100
Dallas, TX  75201
Telephone:  214.969.2800
Facsimile:  214.969.4343

**ATTORNEYS FOR DEFENDANT EPSILON DATA MANAGEMENT, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a) on this 10th day of May, 2017

/s/ *Charles Everingham IV*
Charles Everingham IV